IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Sea Consortium Private Limited | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION.: |
| v. | § |
| | § IN ADMIRALTY, Rule 9(h) |
| Tehama Shipping Services Co. LLC | § |
| | § |
| Defendant, and | § |
| | § |
| Agility Project Logistics, Inc. | § |
| C.H. Robinson Worldwide, Inc. | § |
| Ceva Logistics U.S., Inc. | § |
| CMA CGM (America) LLC | § |
| COSCO Shipping (USA) Inc. | § |
| DB Schenker USA | § |
| DHL Global Forwarding | § |
| DSV Panalpina A/S | § |
| Expeditors International of Washington | § |
| Evergreen Shipping Agency (America) | § |
| Corporation | § |
| Geodis Logistics LLC | § |
| Kuehne + Nagel, Inc. | § |
| UPS Supply Chain Solutions. Inc. | § |
| | § |
| Garnishees. | § |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
<u>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Sea Consortium Private Limited trading under the brand name of "X-Press Feeders" ("X-Press") sues Tehama Shipping Services Co. LLC ("Tehama") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, in causes of breach of maritime contracts, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and stating as follows:

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h), for breach of maritime contract.

2. This action further is within this Court's jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, because it involves a cause of action otherwise justiciable in admiralty, namely, a fire aboard and sinking of an ocean vessel carrying cargo, as further detailed herein). X-Press pursuant this Verified Complaint seeks security for arbitration against Tehama, pursuant to 9 U.S.C. § 8 ("Proceedings begun by libel in admiralty and seizure of vessel or property") which X-Press has brought in Singapore pursuant to the agreement detailed herein, between X-Press and Tehama.

3. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District, and that accordingly Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. X-Press is a corporation duly organized under the laws of Singapore, and by contract with Tehama placed and entrusted cargo ("Cargo") to and aboard the M/V TSS PEARL ("Vessel"), which Tehama owned, operated or chartered. While operating on the Red Sea on a voyage from Jeddah, Saudi Arabia to Aden, Yemen, the Vessel on or about October 5, 2022 caught fire. After the Vessel was afire for a further approximately seven days, on or about October 13,

2022 the Vessel sank, taking with it the Cargo and causing X-Press significant damages as this Verified Complaint details.

6. Tehama is a Dubai LLC which owned, operated or chartered the Vessel while the Cargo was aboard the Vessel, and which was operating and in charge of the Vessel when the Vessel caught fire and sank. Tehama by information and belief continues to operate other ocean going vessels for feeder service, receiving containerized cargo from larger international container carriers such as CMA-CGM, COSCO and Evergreen, or transporting containerized cargo for on-carriage by those larger carriers, to and from ports on the Arabian Peninsula, and is or was a significant feeder carrier for cargo to and from those ports.

7. Garnishees are entities which as set out herein are located and do business in this District, and by information and belief do business with Tehama and therefore owe accounts to Tehama.

**Facts**

8. X-Press and Tehama on January 20, 2019 entered into a Memorandum of Agreement ("Agreement") to cooperate for the ocean carriage of containerized cargo between Jeddah, Saudi Arabia and Aden, Yemen (the "Agreement"). The Agreement provides for Singapore arbitration of disputes.

9. The Agreement provided that X-Press and Tehama take turns to operate a vessel between Jeddah, Saudi Arabia and Aden, Yemen to carry the cargoes of each, for a minimum of 4 voyages each.

10. In October, 2022, Tehama provided the Vessel for one such voyage, with X-Press as Slot Charterer and Tehama as the Vessel provider to X-Press.

11. On or around October 1, 2022, the Vessel arrived at the port of loading, Jeddah. Thereafter, the Vessel loaded containers with cargo, including the 490 containers which were carried with the Cargo on behalf of X-Press.

12. The Vessel sailed from Jeddah for Aden on or about October 4, 2022. The Vessel's crew reported a fire aboard the Vessel, that began October 5, 2022. The salvage operation aboard the Vessel began October 8, 2022; a photo of the Vessel afire is the following:[1]



13. On or around October 13, 2022, the Vessel sank together with the containers laden onboard, including the Cargo.

14. The Cargo was carried under bills of lading issued by X-Press. To-date, X-Press has been notified of claims in respect of the Cargo which sank with the Vessel, expects to receive notification of more of such claims in the future.

---

[1] Video at https://youtu.be/vrHAog3sbeo

15. As a result of the foregoing, which were caused by Tehama's breaches of contract and/or duty and/or negligence and/or bailment, X-Press suffered loss and damage as detailed below.

16. X-Press reasonably estimates its principal losses to be at least $29,400,000. X-Press bases this calculation on a representative value for the Cargo of $60,000 lost container, and a further 30% amount for interest and costs.

17. Tehama has failed and/or refused to furnish security for X-Press' claims and/or admit liability to X-Press and/or agree to indemnify X-Press against claims for loss of the Cargo, and for X-Press' losses, damages, liabilities, costs, fees and expenses arising out of the fire, the salvage operation and/or the sinking of the Vessel and resulting loss of the Cargo.

## Allegations Concerning Garnishees

18. **CMA-CGM (America) LLC, COSCO Shipping (USA) Inc. and Evergreen Shipping Agency (America)**: CMA-CGM (America) LLC, COSCO Shipping (USA) Inc. and Evergreen Shipping Agency (America) are the United States agents and operating companies for international container shipping lines CMA-CGM, COSCO and Evergreen Shipping, with resident agents in this District. The Vessel was carrying containers owned by lines CMA-CGM, COSCO and Evergreen Shipping, including as shown in the photograph of the Vessel afire, *supra*, and X-Press therefore reasonably believes that CMA-CGM, COSCO and Evergreen Shipping were utilizing the Vessel for feeder service from Jeddah to Aden, paying Tehama for that service, and that CMA-CGM, COSCO and Evergreen Shipping continue to utilize Tehama (and are therefore owed accounts from Tehama) for feeder service to and from Arabian Peninsula ports.

19. **Agility Project Logistics, Inc.. C.H. Robinson Worldwide, Inc., Ceva Logistics U.S., Inc., DB Schenker USA, DHL Global Forwarding, DSV Panalpina A/S, Expeditors**

**International of Washington, Geodis Logistics LLC, Kuehne + Nagel, Inc., and UPS Supply Chain Solutions. Inc. (the "International Freight Forwarder Garnishees")**: Each of the International Freight Forwarder Garnishees are companies which facilitate the movement of significant volumes of ocean freight, in and out of the Arabian Peninsula. To facilitate that movement of ocean freight, each of the International Freight Forwarder Garnishees utilizes feeder containerized carriers, such as Tehama. To do so, each International Freight Forwarder Garnishee collects freights from customers, to then pay to the feeder containerized carriers. Consequently X-Press reasonably believes that each International Freight Forwarder Garnishee, each of which has a resident agent in this District, may owe accounts to Tehama.

## Count I – Breach of Maritime Contract and Bailment

20. X-Press incorporates the above paragraphs as if fully set forth herein.

21. Tehama breached its maritime contracts with X-Press, and failed to deliver the Cargo breaching X-Press' bailment of the cargo to Tehama, as set out above, specifically, by accepting the Cargo but failing to deliver it as X-Press' contracts with Tehama required.

22. X-Press therefore demands security for its claims in arbitration for its damages and related costs including attorney's fees and arbitrators' fees for Tehama's breach of contract, as set out more fully below.

## Count II – Maritime Negligence

23. X-Press incorporates the above paragraphs as if fully set forth herein.

24. In the alternative to Count I, Tehama owed a duty to X-Press not to lose the Cargo. Tehama breached that duty when it failed to keep the Vessel from catching fire and then sinking, losing the Cargo. X-Press has suffered damage because of the loss of the Cargo.

25. X-Press therefore demands security for its claims in arbitration for damages and

related costs including attorneys and arbitrators' fees which are the reasonably foreseeable result of Tehama's negligence, as set out more fully below.

### Count III: Maritime Attachment and Garnishment (Rule B)

26. X-Press incorporates the above paragraphs as if specifically set forth herein.

27. X-Press seeks issue of process of maritime attachment so that it may obtain security for arbitration for the amount due to it as set out above.

28. No security for X-Press' claims has been posted by Tehama or anyone acting on Tehama's behalf to date.

29. Tehama cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District.

### Prayer for Relief

WHEREFORE, X-Press prays:

A. That in response to Counts I and II, process of maritime attachment be issued pursuant to Supplemental Maritime Rule B to garnish and attach property of Tehama in the principal amount of at least $29,400,000 as detailed above;

B. That in response to Count III, since Tehama cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Tehama's tangible or intangible property or any other funds held by Garnishee up to the amount of at least the amount demanded herein to secure X-Press' claims in arbitration, and that all persons claiming any interest

in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

  C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve the garnishment writs as issued by this Court;

  D. That pursuant to Supplemental Rule B(a)(b) the Clerk issue supplemental process enforcing this Court's Order to issue the Rule B writs upon application without further Court order;

  E. That upon X-Press being fully secured for the amounts as set out in this Verified Complaint, this Court stay this action pending arbitral result or settlement, and that this Court on arbitral result in favor of X-Press recognize and enforce the arbitrators' award against the security held by this Court's Rule B writs issued by this Court and served each Garnishee, to the full amount of security held; and

  F. That this Court award X-Press such other and further relief that this Court deems just and proper.

Dated:  November 16, 2022.

                                              */s/ Scott Wiehle*
                                              Scott Wiehle
                                              State Bar No. 24043991
                                              scott.wiehle@kellyhart.com
                                              Joseph D. Austin
                                              State Bar No. 24101470
                                              joseph.austin@kellyhart.com
                                              KELLY HART & HALLMAN, LLP
                                              201 Main Street, Suite 2500
                                              Fort Worth, Texas 76102
                                              Telephone: (817) 332-2500
                                              Telecopy: (817) 878-9280

                                              J. Stephen Simms
                                              (*pro hac vice forthcoming*)
                                              jssimms@simmsshowers.com
                                              Simms Showers LLP
                                              201 International Circle, Suite 250
                                              Baltimore, Maryland 21030
                                              Telephone: (410) 783-5795
                                              Facsimile: (410) 510-1789

                                              Counsel for Sea Consortium Private Limited

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, counsel to Sea Consortium Private Limited, trading under the brand name of "X-Press Feeders" ("X-Press").

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of X-Press made available to me by X-Press. X-Press' authorized officers are not readily available in this District to make verifications on X-Press' behalf. I am authorized to make this verification on X-Press' behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. I also searched the records of the Texas Secretary of State. There is no record of any general or resident agent authorized to accept service of process for defendant Tehama in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 16, 2022.

*/s/ J. Stephen Simms*
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: 410-783-5795
Email: jssimms@simmsshowers.com